WATSON J. FERRY, for appellants; LEONARD A. BUSBY, WARNER H. ROBINSON and FRANKLIN B. HUSSEY, of counsel.

GEORGE E. GORMAN and DANIEL L. MADDEN, for appellee; JOHN T. MURRAY, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion court.

## Abstract of the Decision.

1. STREET RAILROADS, § 61*—*when company permitting another company to jointly use tracks liable for personal injuries.* Where a street railway company permits another company to use its tracks and an injury results from the negligent operation of the railway, both companies are liable to respond in damages to the party injured.

2. STREET RAILROADS, § 111*—*when doctrine of res ipsa loquitur applicable.* Where a person rightfully on a public street is injured by a street car leaving the track and striking him, such accident is within the maxim *res ipsa loquitur* and the injury, in the absence of any explanation by the defendant company, is prima facie sufficient to justify a recovery.

3. DAMAGES, § 122*—*when recovery for compound fracture of bones of leg not excessive.* A verdict for three thousand five hundred dollars for a compound fracture of both bones of plaintiff's left leg *held* not excessive, it appearing the wound became infected, that plaintiff was confined to his bed for four months, that he was not able to work for a year and that his leg was still painful.

Emma K. Delong, Appellee, v. Chicago Railways Company, Appellant.

Gen. No. 19,929.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. MCDONALD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed June 29, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Delong v. Chicago Railways Co., 187 Ill. App. 432.

## Statement of the Case.

Action by Emma K. Delong against Chicago Railways Company to recover for personal injuries received by plaintiff while she was a passenger on a street car of the defendant's. The injury was alleged to have been caused by the negligence of defendant in starting the car while she was alighting from it. From a judgment in favor of plaintiff for three thousand dollars, defendant appeals.

JOSEPH D. RYAN and ALFRED B. DAVIS, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

GEORGE W. WOODBURY and RICHARD J. FINN for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE § 368*—*when testimony as to physical condition not conclusions of witness.* In an action for personal injuries, testimony of plaintiff that there was a falling down of her uterus before the injury and that such trouble had been aggravated since her injury, *held* to constitute statements of facts and not of conclusions.

2. DAMAGES, § 179*—*when physician may testify as to plaintiff's physical condition after the injury.* In an action for personal injuries, testimony of a physician as to plaintiff's physical condition after the accident, *held* admissible against the objections of defendant that there was no connection between the injury and plaintiff's condition as found by the physician and that there was no evidence to show plaintiff's condition before the accident other than her own statements.

3. DAMAGES, § 114*—*when recovery for injury to woman not excessive.* A verdict for three thousand dollars for injury to a woman passenger on a street car *held* not excessive, where the evidence should that her ankle was badly sprained and that it was treated by a physician for two months and that she suffered from a prolapse of the pelvic organs.